

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-220 |
| | § | |
| BAYWATCH SECURITY AND | § | |
| INVESTIGATIONS, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM AND ORDER

Pending are Petitioner National Labor Relations Board's Application for Order Requiring Obedience to Subpoena Duces Tecum (Document No. 1) and Motion for Summary Judgment (Document No. 16). After carefully considering the application, motion, response, and the applicable law, the Court concludes as follows:

I. Background

Plaintiff National Labor Relations Board (the "Board") brings this action pursuant to § 11(2) of the National Labor Relations Act (the "Act"), 29 U.S.C. § 161(2), and seeks an order enforcing administrative Subpoena Duces Tecum No. B-441316 (the "Subpoena") issued on October 20, 2003 to Benjamin R. Nava ("Nava"), President of Respondent Baywatch Security and Investigations ("Respondent").

The application arises out of an administrative proceeding in which the Board determined that Respondent engaged in an unfair labor practice by failing to provide the International Union of

Guards, Local 80, Region 8 (the "Union"), which represented those of Respondent's employees who were working as security guards at the United States Department of the Army's Longhorn Army Ammunition Plant, with certain pension account information to which the Union was entitled under the Act.  On May 7, 2002, the Board issued a decision and order finding that Respondent violated the Act and ordering Respondent to "provide the Union with the information it requested on August 28, 2001."  See Document No. 1. ex. C.  On January 22, 2003, the Fifth Circuit entered a judgment ordering Respondent to comply with the Board's order.  See id. ex. D.  Respondent subsequently promised that it would comply with the Fifth Circuit's Order, but when it failed to do so, the Board informed Respondent of its intent to initiate contempt proceedings.  Id. exs. E-F.  Shortly thereafter, Respondent sent a one-page to the Union purportedly showing that a pension fund account had been established, see id. ex. G, but according to the Board, the document was not wholly responsive to the Union's request.

In lieu of initiating contempt litigation in the Fifth Circuit, however, the Board issued the Subpoena pursuant to § 11(1) of the Act directing Respondent to produce the requested documents to the Board within 20 days.  See id. ex. H.  On October 27, 2003, Respondent signed for the certified mail package containing the Subpoena but failed to respond or comply with the terms of the Subpoena.  See id.  On December 4, 2003, Respondent signed for a

second certified mail package containing the Subpoena but again failed to appear or otherwise comply with its terms. *See* id. ex. I. Accordingly, the Board filed an application with this Court for an order requiring Respondent to comply with the Subpoena. Document No. 1. Specifically, the Board argues that because it properly served the Subpoena on Respondent, and because Respondent failed to file a petition to revoke or quash the Subpoena, the Board is entitled to an order enforcing the Subpoena as a matter of law. *See* Document Nos. 1-2.[1] In response, Respondent admits that it has failed to produce any documents but states that it no longer possesses any documents responsive to the Subpoena. *See* Document Nos. 12-13.

## II.  Discussion

Pursuant to § 11(1) of the Act, the Board is authorized to issue subpoenas requiring the production of evidence relating to "any matter under investigation or in question." 29 U.S.C. § 161(1). When the subject of a subpoena refuses to comply, the Board may apply to the district court for an order requiring that person "to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question." 29 U.S.C.

---

[1] The Board has also moved for summary judgment on its application on the same grounds. *See* Document Nos. 16-17.

§ 161(2). The district court's scope of inquiry in a proceeding to enforce an administrative subpoena is very narrow. *See* <u>Winters Ranch P'ship v. Viadero</u>, 123 F.3d 327, 329 (5th Cir. 1997). The court is limited to evaluating whether: (1) the subpoena was issued for a lawful purpose within the statutory authority of the issuing agency; (2) the documents requested are relevant to that purpose; and (3) the subpoena demand is reasonable and not unduly burdensome. <u>Id.</u> If these criteria are met, the subpoena must be enforced.

The Board has here demonstrated that it is entitled to an order enforcing the Subpoena. The Subpoena was issued pursuant to the Board's subpoena power for a lawful purpose--to investigate and ensure Respondent's compliance with the Fifth Circuit's January 22, 2003, Order. *See* <u>NLRB v. Interstate Material Corp.</u>, 930 F.2d 4, 6 (7th Cir. 1991) (explaining that the Board "has broad investigative power under section 11 of the [Act], 29 U.S.C. § 161, which it can use to determine whether a respondent named it one of its orders may be violating the [appellate court's enforcement] order"); <u>NLRB v. Cable Car Advertisers, Inc.</u>, 319 F. Supp. 2d 991, 997 (N.D. Cal. 2004) ("[T]he subpoena power of the Board also extends to investigations before and after unfair labor proceedings and includes investigations seeking enforcement of judgments or settlements against violators."). The documents requested in the Board's Subpoena are the same documents that the Fifth Circuit, by

4

enforcing the Board's May 7, 2002, decision and order, ordered Respondent to produce to the Union, and the documents are therefore relevant to whether Respondent complied with the Fifth Circuit's Order.  *See* Document No. 1 exs. C-D, H-I.  Finally, the Board's Subpoena asks for discrete, limited information, and appears reasonable and not unduly burdensome.  *See* Document No. 1 ex. H.

In response, Respondent complains for the first time that there are no documents responsive to the Subpoena because "no pension plan was established for the employees from which the [requested] information could be provided."  *See* Document No. 12 ¶¶ 4, 11.  Moreover, Nava avers that several boxes that may have contained responsive documents are missing and were likely inadvertently thrown away.  *See* Document No. 13 ¶¶ 4-5.  The Board contends, however, that Respondent waived this objection by failing to raise it before the Board within five days after being served with the Subpoena, as the Act requires.  *See* 29 U.S.C. § 161(1) ("Within five days after the service of a subpoena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke . . . such subpoena");  29 C.F.R. § 102.31(b) ("Any person served with a subpoena, whether ad testificandum or duces tecum, if he or she does not intend to comply with the subpoena, shall, within 5 days after the date of service of the subpoena, petition in writing to revoke the subpoena.").  The face of the Subpoena clearly notified

5

Respondent of this revocation process and further stated that "[f]ailure to follow these regulations may result in the loss of any ability to raise such objections in court." *See* Document No. 1 ex. H.  Having failed to exhaust the administrative remedies provided in § 11(1) of the Act and the corresponding regulations, Respondent cannot now raise its objection to the Subpoena in this enforcement proceeding.  *See* EEOC v. Cuzzens of Ga., Inc., 608 F.2d 1062, 1063-64 (5th Cir. 1979) (holding that failure to exhaust available administrative remedies precludes challenges to the subsequent judicial enforcement of an administrative subpoena "for any reason short of objections based on constitutional grounds"); *see also* NLRB v. Bacchi, 2004 WL 2290736, at *3 (E.D.N.Y. June 16, 2004); NLRB v. McDermott, 300 B.R. 40, 46 (D. Colo. 2003).  The Board's application for an order compelling obedience to the Subpoena will therefore be granted.

The Board also requests that the Court assess against Respondent the costs and expenses, including reasonable attorney's fees, incurred by the Board in prosecuting this enforcement action. The Board argues that "[S]uch relief is appropriate where the subpoenaed party has interposed no legitimate objection to compliance with the subpoena." *See* Document No. 2 at 8-9.  Neither § 11(1) nor § 11(2) of the Act provides for payment of costs or fees incurred in enforcing a subpoena in a district court.  *See* 29 U.S.C. § 161.  However, at least one district court has granted

6

such relief pursuant to Federal Rule of Civil Procedure 37(d). *See* Cable Car, 319 F. Supp. 2d at 999-1001 (holding that because § 11 of the Act is silent on the matter of fees and costs, the Federal Rules, including Rule 37, are applicable to judicial enforcement actions pursuant to Rule 81(a)(3) and (5)).

Applying Rule 37(d) here, the Board should be awarded the costs of prosecuting this enforcement action. As discussed above, Respondent wholly failed to comply with the Board's Subpoena, which was served on Respondent at least twice, and Respondent failed to file a petition with the Board to quash or revoke the Subpoena. *See* Document No. 1 exs. H-I. Moreover, Respondent waited more than five months before responding to the Board's application for judicial enforcement of the Subpoena in this Court. *See* Document Nos. 6, 12. Only then did Respondent allege for the first time that there are no documents responsive to the Subpoena because the pension accounts at issue were never created, an allegation belied by the fact that Respondent previously faxed to the Union a document purportedly showing that such a pension account had been established. *See* Document No. 1 ex. G. Respondent has presented no justification for its failure to object earlier to the Subpoena, and the reason Respondent now gives for its failure to comply with the Subpoena is not substantially justified.

III. <u>Order</u>

Accordingly, it is

ORDERED that Petitioner National Labor Relations Board's Motion for Summary Judgment (Document No. 16) is GRANTED, and its Application for Order Requiring Obedience to Subpoena Duces Tecum (Document No. 1) is GRANTED. Benjamin R. Nava, President of Respondent Baywatch Security and Investigations, within ten (10) days after the entry of this Order shall fully comply with Subpoena Duces Tecum B-441316 by producing the documents described in that Subpoena to an agent of the National Labor Relations Board in a hearing room at the Board's Region 16 Office, 819 Taylor Street, Suite 8A24, Federal Office Building, Fort Worth, Texas 76102-6178, or in the alternative, upon written notification to the Board's Regional Director of Region 16 in Forth Worth, to the Board's Contempt Litigation & Compliance Branch, 1099 14th Street, N.W., Suite 10700, Washington D.C. 20005. A copy of the subpoena duces tecum that is the subject of this Order is attached hereto. It is further

ORDERED that for those documents responsive to Subpoena Duces Tecum B-441316 that are not in Respondent's possession but that may be obtained from a third party, such as a financial institution, Respondent shall obtain those documents from the third party and produce them to the Board, or alternatively, provide to the Board

a signed and notarized letter addressed to the appropriate third party and authorizing and directing that third party to disclose and produce the documents directly to the Board.  If any responsive documents cannot be obtained from a third party, Respondent shall forthwith provide the Board with verified proof of its specific efforts to obtain such documents from each such third party.  It is further

ORDERED that Respondent shall reimburse the Board for its costs and expenses, including reasonable attorney's fees, incurred in connection with this enforcement proceeding.  If the parties are unable to agree upon the amount required to satisfy this Order, then the Board may file an application itemizing its reasonable fees and costs within 60 days after the entry of this Order; and Respondent may file its response in opposition within 10 days after it is served with the Board's application.

Any failure to comply with the foregoing Order Requiring Obedience to Subpoena Duces Tecum may be punishable as contempt thereof.

Since this Order resolves all issues between all parties to the action, it shall also be deemed a **FINAL JUDGMENT**.  The Court

reserves jurisdiction, however, to enforce the terms hereof, if necessary.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 28TH day of April, 2005.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

NLRB-B 
(1/03)

## SUBPOENA DUCES TECUM

### UNITED STATES OF AMERICA
### NATIONAL LABOR RELATIONS BOARD

To __Benjamin R. Nava, President, Baywatch Security and Investigations__

__3 Northpoint Drive, Suite 101, Houston, Texas  77060__

As requested by __Joan A. Sullivan, Senior Trial Attorney__

whose address is __1099 14th Street, NW, Suite 10700, Washington, DC   20570__
                        (Street)                           (City)             (State)     (Zip)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE __A Board Agent, Contempt Litigation__

__Compliance Branch, 1099 14th St., NW, Suite 10700, Washington, DC  20005__ of the National Labor Relations Board

__or in the alternative, Emily Maas, Region 16, 819 Taylor St., Suite 8A24__

in the City of __Fort Worth, Texas  76102-6178__

on the __28th__ day of __November__ 20__03__ by __3:00__ (a.m.) (p.m.) or any adjourned or rescheduled date to testify in __NLRB v. Baywatch Security and Investigations (5th Cir. 2002),__
__Board Case No. 16-CA-21440; Contempt Case No. 04-CLB-6__
(Case Name and Number)

And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:

__See Attachment__

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

**B- 441316**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is



Issued at  Washington, DC

this  20  day of  October                                                             20 03

*Robert J. Battista*

NOTICE TO WITNESS. Witness fees for attendance, subsistence, and mileage under this subpoena, are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

# Attachment
## Subpoena *Duces Tecum* No. B-441316

Provide the following documents or copies of such documents, whether stored electronically or as paper documents, starting on March 15, 1999, and continuing to date:

1. Relating to the Pension Plan required by the collective bargaining agreement:

    a. the name, address and account number(s) of the financial institution where the Pension Fund was/were established;

    b. monthly statements, deposit slips, and withdrawals receipts for such account(s);

    c. the names of the security officers and supervisors covered by the Pension Plan, and the dates of their coverage; and

    d. the amount of interest that has accrued on the account(s) since March 15, 1999.

2. Relating to the Savings and Investment Plan required by the collective bargaining agreement:

    a. the name, address and account number(s) of the financial institution where the Savings and Investment Plan was/were established;

    b. monthly statements, deposit slips, and withdrawals receipts for such account(s);

    c. the names of the security officers and supervisors covered by the Savings and Investment Plan;

    d. the amount of interest that has accrued on the account(s) since it/they was/were established; and

    e. if no account(s) was/were established for the Savings and Investment Plan, any and all documents concerning, referring or relating to the Savings and Investment Plan.